*United States v. Davidson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of April, two thousand twenty-six.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> BARRINGTON D. PARKER,
> MYRNA PÉREZ,
> *Circuit Judges.*

───────────────────────────────

UNITED STATES OF AMERICA,

   *Appellee,*

  v.            24-448

VICTORIA DAVIDSON,

   *Defendant-Appellant.*\*

───────────────────────────────

For Appellee:       JONATHAN LEAVITT BODANSKY (Madison Reddick Smyser, Daniel C. Richenthal, James Ligtenberg, *on the brief*), Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY.

───────────────

\* The Clerk of Court is respectfully directed to amend the official case caption.

For Defendant-Appellant: JAMESA J. DRAKE, Drake Law, LLC, Auburn, ME.

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Victoria Davidson ("Davidson") appeals from the judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*), entered on February 20, 2024 and convicting her, following a jury trial, of one count of conspiracy to commit wire fraud and bank fraud, in violation of 18 U.S.C. § 1349; one count of wire fraud, in violation of 18 U.S.C. § 1343; and one count of bank fraud, in violation of 18 U.S.C. § 1344. Davidson conspired with co-defendant George Guldi ("Guldi") to misappropriate $253,236 that Guldi's mortgage sub-servicer had received as a settlement payment from JPMorgan Chase Bank, N.A. The district court sentenced Davidson principally to nine months in prison and to three years of supervised release, a sentence significantly below the applicable Sentencing Guidelines range. On appeal, Davidson argues that the district court erred in instructing the jury about Guldi's criminal history, in denying her motions to sever her trial from Guldi's, and in applying a two-level Sentencing Guidelines enhancement for sophisticated means. We affirm because Davidson forfeited or waived her arguments about the jury instructions and because the district court did not err in denying the motions to sever or in applying the Guidelines enhancement. We assume familiarity with the remaining facts, procedural history, and issues on appeal.[1]

---

[1] Throughout its brief, the Government cites to various trial exhibits that are included in the appendix. This is impermissible. FED. R. APP. P. 28(e) ("References to the parts of the record contained in the appendix filed with the appellant's brief must be to the pages of the appendix.").

## I. Jury Instructions

We review *de novo* any preserved objections to jury instructions, reversing only where there was prejudicial error when "viewing the charge as a whole." *United States v. Guldi*, 141 F.4th 435, 446 (2025) (citation omitted). We review for plain error any complaints about instructions where a defendant does not "inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate." *Id.* (quoting FED. R. CRIM. P. 30(d)).

Before the jury began deliberations, the district court delivered a lengthy charge in which it addressed how the jury could consider evidence of Guldi's prior convictions:

> You heard in the case that Guldi was in jail for a crime. . . .
>
> Evidence of a similar act in the past which is not charged in the indictment, is not proof, not a substitute for proof that the defendant committed the crimes charged in the indictment, nor may you consider the evidence as proof of a bad character.
>
> The evidence that was given to you was given for contextual purposes, to help you understand what was going on here and to give you an explanation. You can take it also as evidence of motive, opportunity, intent, knowledge, plan, absence of mistake, so on, but not generally of character, and not because he did something at one time, he's likely to do it again. Those are not permissible. Mr. Guldi has the same presumption of innocence as to the charges here as any other defendant. And what was admitted against Mr. Guldi in terms of the prior conviction does not count at all against defendant Davidson. She's not in jail. She's not responsible for what he did before, at least there is no allegation of that. . . .
>
> As to defendant Davidson, however, there is one other aspect of it. She was asked to do things or did things for George Guldi. If she knew about Guldi's convictions, and she did because he was in jail, that may be considered by you as relevant in terms of her state of mind. So if she's asked to do different things, you have to examine what she knew and what she believed and what she did.

App'x at 82–83.

Davidson takes issue with (1) the use of "so on" in referring to permissible uses for Guldi's prior convictions, (2) the comment that "at least there is no allegation" of Davidson's responsibility for Guldi's prior criminal conduct, and (3) the district court's statement concerning whether

3

Davidson "knew about Guldi's convictions, and she did because he was in jail." Davidson Br. at 20–23. Each argument fails.

Davidson did not preserve her first two instructional objections because she did not raise "the specific objection . . . before the jury retire[d] to deliberate," as required by Federal Rule of Criminal Procedure 30(d). We therefore review these statements for plain error. *See Guldi*, 141 F.4th at 446. At the start, because Federal Rule of Evidence 404 prohibits the use of other act evidence "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," while permitting it for other purposes, FED. R. EVID. 404(b), the reference to "so on" in a list of permissible purposes of the evidence of Guldi's prior bad acts in context of the overall instruction given was not error, let alone plain error. Moreover, the statement about permissible purposes was in a section of the instruction that dealt with Guldi, not Davidson. When transitioning to its discussion of Davidson, the district court limited the permissible purpose of the evidence to a single purpose, saying that "what was admitted against Mr. Guldi in terms of the prior conviction does not count at all against defendant Davidson," except "in terms of her state of mind." App'x at 83. This instruction was not erroneous.[2]

In terms of the district court's statement that Davidson was "not responsible for what [Guldi] did before, at least there is no allegation of that," Davidson agreed on the use of similar

---

[2] Indeed, the limiting instruction the district court proposed and delivered earlier in the trial followed the same model of a categorical bar with a subsequent carveout. *See* Trial Tr. at 165, *United States v. Davidson*, No. 19-cr-126 (S.D.N.Y. Feb. 3, 2023), Dkt. No. 149 at 58 ("Davidson is not alleged to have been involved in any of the conduct that resulted in Guldi's state convictions, and those convictions are not to be considered in the case against Davidson. One element, however, of the case against Victoria Davidson is the state of her knowledge when asked to do things or while doing things for George Guldi. If Davidson knew about Guldi's convictions, that may be considered by you as relevant in the government's case against her."); Letter at 2, *id.*, Dkt. No. 134 (pre-trial letter from Davidson saying that the district court "should deliver" the proposed instruction). Viewing the charge as a whole, it was substantively both accurate and consistent, the use of "so on" notwithstanding.

language in both a stipulation and a limiting instruction. *See id.* at 417 (stipulating that "[a]t no time was DAVIDSON alleged to have been involved in any way in the above-discussed conduct that resulted in GULDI's Suffolk County convictions"); Trial Tr. at 165, *United States v. Davidson*, No. 19-cr-126 (S.D.N.Y. Feb. 3, 2023), Dkt. No. 149 at 58 (limiting instruction that "Davidson is not alleged to have been involved in any of the conduct that resulted in Guldi's state convictions"). Viewing the charge as a whole, the additional words "at least" in the final instructions did not affect her "substantial rights" or "the outcome of the district court proceedings," which is what Davidson must show for plain error. *United States v. Marcus*, 560 U.S. 258, 262 (2010) (citation omitted).

Finally, even assuming the district court erred in stating that Davidson knew about Guldi's convictions, this was one of the "less egregious cases" where "the failure to request specific instructions before the jury retires . . . limit[s] the defense's ability to complain about the relative lack of curative measures for the first time on appeal." *United States v. Deandrade*, 600 F.3d 115, 119 (2d Cir. 2010) (citation omitted). After the district court deviated from the language it had previously used in a limiting instruction, Davidson objected but ultimately declined the district court's invitation to propose changes. Instead, she only "ask[ed] . . . that if the jury asks for further instruction on this issue, that the Court read the instruction that it previously gave in court during the trial." App'x at 104. In any event, any error was harmless given the overwhelming evidence that Davidson knew about Guldi's convictions. *See id.* at 258 (operator telling Davidson that Guldi was "[a]n inmate at Marcy, a New York State correctional facility"); *id.* at 308 (Davidson telling Guldi "I want to get you a lawyer to help get your parole"); *id.* at 327 (Guldi telling Davidson "I'm in prison").

5

## II. Severance

Davidson's second argument is that the district court abused its discretion in denying her repeated motions to sever. We review for abuse of discretion the denial of a motion to sever, reversing "only where the defendant demonstrates prejudice so severe as to amount to a denial of a constitutionally fair trial or a miscarriage of justice." *United States v. Wynder*, 147 F.4th 200, 211 (2d Cir. 2025) (citation modified). That high bar is why we have said severance decisions are "virtually unreviewable." *See United States v. Yousef*, 327 F.3d 56, 150 (2d Cir. 2003) (citation omitted).

The district court did not abuse its discretion in denying the motions to sever. Davidson has not identified evidence that would have been inadmissible in a solo trial sufficient to "demonstrate[] prejudice so severe as to amount to a denial of a constitutionally fair trial or a miscarriage of justice." *Wynder*, 147 F.4th at 211 (citation modified). She argues that the jury in a separate trial would not have learned about Guldi's prior convictions. But even assuming *arguendo* that Davidson is correct, evidence about Guldi presented little risk of prejudicing Davidson, particularly given that the conduct was not particularly inflammatory or salacious. *See United States v. Mercado*, 573 F.3d 138, 142 (2d Cir. 2009) ("[I]t does not appear that prejudice here was likely to be great. Gun transactions are not especially worse or shocking than the transactions charged. And the District court gave several careful instructions to the jury regarding what inferences it could draw from the admitted evidence.").

And, even assuming *arguendo* that Davidson faced a risk of spillover prejudice given that Guldi's criminal history involved fraud and a mortgage, "less drastic measures, such as limiting instructions, . . . suffice[d] to cure any risk of prejudice" here. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). In *Wynder*, we held that "[t]he district court . . . mitigated any potential

6

prejudice by instructing the jury to consider each defendant's involvement in each count separately and reach a verdict based solely upon the evidence about each defendant." 147 F.4th at 211 (citation modified). Judge Hellerstein instructed the jury similarly, informing the jury in his charge that it "ha[d] to be convinced beyond a reasonable doubt unanimously as to each defendant's guilt on each of the charges" and that, in evaluating whether there was the requisite unlawful purpose element of the conspiracy count, "[the jury] must find separately with respect to each defendant." App'x at 41, 58. That is more than enough to limit the relatively low risk of prejudice.[3]

### III. Sentencing Enhancement

Finally, Davidson argues that resentencing is required given the district court's application of a "sophisticated means" sentencing enhancement for Davidson's use of a forged letter showing her authority to act on Guldi's behalf. *See* U.S. SENT'G GUIDELINES MANUAL § 2B1.1(b)(10)(C) (U.S. SENT'G COMM'N 2021) (providing for a two-level enhancement when "the offense . . . involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means"). We review "factual determinations underlying a district court's Guidelines calculations . . . for clear error" and "a district court's application of the Guidelines . . . *de novo*." *United States v. Conca*, 635 F.3d 55, 62 (2d Cir. 2011) (citation omitted).

The sophisticated means enhancement was appropriate here, notwithstanding our decision regarding Guldi. *See Guldi*, 141 F.4th at 452. As the district court noted in finding

---

[3] We also reject Davidson's argument that there is cumulative instructional and severance error. *See In re Terrorist Bombings of U.S. Embassies in E. Afr.*, 552 F.3d 93, 147 (2d Cir. 2008) ("The cumulative error doctrine comes into play only where the total effect of the [actual] errors found casts such a serious doubt on the fairness of the trial that the convictions must be reversed." (citation modified)).

sophisticated means, Davidson "had to put herself in position of having standing with the bank" and did so through forgery that reflected an understanding that "an agent can't arrogate to herself the right to be an agent" but "needs the signature of the principal." App'x at 111–12. The district court thus did not err in applying the sophisticated means enhancement here, having distinguished Davidson's conduct from Guldi's "garden-variety fraud." *Guldi*, 141 F.4th at 452.

\* \* \*

We have considered Davidson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8